UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERIBERTO TORIBIO-RUIZ,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>ISIDRO BACA et. al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:14-cv-00492-MMD-WGC<br><br>ORDER |

Before the Court are the first amended petition for writ of habeas corpus (dkt. no. 13), petitioner's motion for leave to file second amended petition (dkt. no. 22), respondents' opposition (dkt. no. 23), and petitioner's reply (dkt. no. 24). For the reasons stated below, the Court grants the motion.

Petitioner has filed a first amended petition and sought leave to file a second amended petition because petitioner is concerned about the timeliness of any grounds for relief. Petitioner calculated that the one-year period of limitation expired on April 20, 2015. He filed the first amended petition on that date in the hopes that any grounds raised in a second amended petition would relate back to the first amended petition. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Respondents first argue that petitioner did not attach a proposed second amended petition to the motion (dkt. no. 22). Local Rule LR 15-1(a) states that a proposed amended pleading must be submitted with the motion for leave to amend *unless otherwise permitted by the court*. When the court appoints counsel to represent habeas corpus petitioners, as a matter of course it gives counsel leave to file an

amended petition without first submitting a proposed amended petition. The only difference here is that counsel is trying to file a petition before the one-year deadline to minimize the probability that grounds for relief would not relate back to a timely petition. The Court sees no reason to depart from its usual practice in habeas corpus cases.

Respondents next argue that without a proposed amended petition, they cannot determine whether the amended grounds would be subject to the defenses of failure to exhaust, procedural default, or untimeliness. However, when the Court gives appointed counsel leave to file an amended petition in a situation where expiration of the period of limitation is not looming, the Court does not require the petitioner to demonstrate a lack of futility in the amended petition. Rather, the Court allows the respondents to move to dismiss based upon those defenses. The Court sees no difference between the normal course of counseled habeas corpus proceedings and what petitioner is asking in this case, other than, again, trying to minimize the probability that grounds for relief are untimely.

The Court has been presented with situations in which it has denied leave to amend because the petitioner has not submitted a proposed amended petition. However, that issue often occurs when the petition has been fully briefed on the merits, and then the petitioner, often *pro se*, asks for leave to amend to add new grounds. In those situations, the Court has required the petitioner to demonstrate that amendment would not be futile, often because the proposed amended grounds would be untimely. By that stage of the proceedings, the parties and the Court had spent much time litigating the case, and the Court did not want to re-start the briefing process for what would be an exercise in futility. That has not occurred in this case.

It is therefore ordered that petitioner's motion for leave to file second amended petition (dkt. no. 22) is granted. Petitioner shall have sixty (60) days from the date of entry of this order to file and serve a second amended petition for a writ of habeas corpus. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at

all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.

DATED THIS 30th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE