# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HERIBERTO TORIBIO-RUIZ

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:14-cv-00492-MMD-WGC

**ORDER**

Before the Court are petitioner's motion for stay and abeyance (ECF No. 62), respondents' opposition (ECF No. 63), and petitioner's reply (ECF No. 64). For the reasons discussed herein, the Court grants petitioner's motion.

The Court appointed the Federal Public Defender to represent petitioner. Petitioner then filed a counseled first amended petition (ECF No. 13) and a counseled second amended petition (ECF No. 31), which is the operative petition. Respondents filed a motion to dismiss (ECF No. 40). Respondents argued that grounds 4(b), 4(c), 4(d), 4(e), 5, and 6 were not exhausted.[1]

Petitioner agreed that he had not presented those grounds to the Nevada Supreme Court, but he asked the Court to consider the grounds exhausted but procedurally defaulted under the concept of anticipatory default. Petitioner argued that if he returned to the state courts, his new petition would be subject to dismissal under NRS § 34.726(1) as untimely and under NRS § 34.810 as a second or successive petition. That argument alone would be insufficient for this Court to find an

---

[1] Respondents also presented other arguments, which the court rejected. (ECF No. 61.)

anticipatory default, because both those statutes allow a showing of cause and prejudice to excuse their operations. With one exception, discussed below, Nevada's standards and federal standards for cause and prejudice are identical.

The exception is the ineffective assistance of counsel, or the lack of counsel, in initial post-conviction proceedings. In federal court, that can be cause to excuse a procedural default of a claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). Nevada has not adopted the *Martinez* holding, and ineffective assistance of counsel, or the lack of counsel, in initial post-conviction proceedings is not cause to excuse state procedural bars such as NRS §§ 34.726(1) and 34.810. *Brown v. McDaniel*, 331 P.3d 867, 870-75 (Nev. 2014).

In his argument for anticipatory default, petitioner relied upon that exception. He stated:

> Toribio-Ruiz's only potential argument for cause to overcome the defaults is ineffective assistance of post-conviction counsel. However, unlike in federal courts, post-conviction counsel's ineffectiveness does not provide cause to overcome a defaulted ground of trial and appellate counsel's ineffectiveness in Nevada. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014).

(ECF No. 59 at 6).[2] The Court accepted on its face petitioner's statement that his only potential argument for cause is ineffective assistance of post-conviction counsel. At the time, the Court had no reason to believe otherwise. The Court also accepted petitioner's statement that a return to state court would be futile because Nevada does not allow ineffective assistance of post-conviction counsel to be cause to excuse the state procedural bars. This statement always has had some room for debate. "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Nevada Supreme Court is of course free to reconsider its precedents. This certainly could be the case with *Brown*, which had a dissent. However, *Brown* was a recent decision, and this Court saw no reason to burden the state courts with petitions that they would reject. The Court thus examined petitioner's unexhausted grounds. The court determined either that *Martinez* was inapplicable or that petitioner had not demonstrated cause under *Martinez*. (ECF No. 61 at 4.)

---

[2]The Supreme Court has since held that *Martinez* does not apply to procedurally defaulted claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058 (2017).

Now, petitioner wants the Court to stay the action while he returns to the state courts to exhaust his claims. Normally, the arguments that petitioner would present to the state courts to excuse the procedural bars would not be a concern of this Court. However, in this case the Court is left wondering what petitioner's arguments to excuse the procedural bars would be. Petitioner stated without equivocation that his only argument would be ineffective assistance of post-conviction counsel, which the state courts would not accept. That statement was why the Court considered anticipatory default. The Court would not have ruled on the motion to dismiss the way that it did if the Court had known that petitioner either had other arguments to excuse the procedural bars or was willing to ask the Nevada Supreme Court to reconsider its precedent.

The Court is left to question whether it had all the information it needed to rule on the motion to dismiss in a way that did not waste judicial resources. Future arguments that ineffective assistance of post-conviction counsel is the *only* way to excuse a procedural bar, and that it would be futile to return to state courts for them to reconsider *Brown*, might be met with skepticism.

All that stated, the Court grants petitioner's request for a stay. If petitioner had asked for a stay in response to the motion to dismiss, then the Court would have granted it. Petitioner himself did seem to be confused about what had been presented to the Nevada Supreme Court. The Court has found that two of the unexhausted grounds were not substantial claims of ineffective assistance of counsel, but the court Cannot say that the remaining unexhausted grounds are without merit on their face. Petitioner himself has not been dilatory, and the Court will not hold the diversion that this case has taken against him. Petitioner has satisfied all the requirements for a stay. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

It is therefore ordered that petitioner's motion for stay and abeyance (ECF No. 62) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims. Petitioner shall return to this court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

It is further ordered that the clerk of court shall administratively close this action until such time as the court grants a motion to reopen the action.

DATED THIS 31st day of March, 2018

MIRANDA M. DU
United States District Judge